Michael Faillace [MF-8436]
Michael Faillace & Associates P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
HOSGAN TAVIRA ESCALON and HIRALDA
CORONA DE RIVERA, *individually and on behalf of*
*others similarly situated,*

                         *Plaintiffs,*

                  -against-

MILAN PIZZA CORP. (d/b/a MILAN PIZZA),
BRONX SLICE PIZZA CORP (d/b/a BRONX
SLICE), AHMED TOULBE, and IBRAHIM AL
HUDAIS,

                        *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Hosgan Tavira Escalon and Hiralda Corona De Rivera, individually and on behalf of others similarly situated ("Plaintiffs"), by and through their attorneys, Michael Faillace & Associates P.C., allege upon information and belief, and as against each of Defendants Milan Pizza Corp. (d/b/a/ "Milan Pizza"), Bronx Slice Pizza Corp (d/b/a "Bronx Slice") ("Defendant Corporations") Ahmed Toulbe, and Ibrahim Al Hudais ("Individual Defendants"), (collectively, "Defendants"), as follows:

1

## NATURE OF ACTION

1.    Plaintiffs are former employees of Defendants Milan Pizza Corp. (d/b/a/ Milan Pizza), Bronx Slice Pizza Corp (d/b/a Bronx Slice), Ahmed Toulbe, and Ibrahim Al Hudais.

2.    Milan Pizza/Bronx Slice is a pizzeria owned by Ahmed Toulbe, and Ibrahim Al Hudais, located at 37 Bruckner Blvd. Store 2, Bronx, NY 10454.

3.    Upon information and belief, Defendants Ahmed Toulbe, and Ibrahim Al Hudais serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the Pizzeria as a joint or unified enterprise.

4.    Plaintiffs are former employees of Defendants.

5.    Plaintiffs worked long days in the pizzeria located at 37 Bruckner Blvd. Store 2, Bronx, NY 10454.

6.    Plaintiffs were employed as cooks, cashiers, counter assistants and food preparers.

7.    Plaintiffs regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime compensation or spread of hours pay for any of the hours that they worked.

8.    Rather, Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

11.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

16.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

17.    Plaintiff Hosgan Tavira Escalon ("Plaintiff Tavira" or "Mr. Tavira") is an adult individual residing in Bronx County, New York. Plaintiff Tavira was employed by Defendants from approximately August 30, 2025 until on or about November 18, 2025.

18.    Plaintiff Hiralda Corona De Rivera ("Plaintiff Corona" or "Ms. Corona") is an adult individual residing in Bronx County, New York. Plaintiff Corona was employed by Defendants from approximately August 30, 2025 until November 18, 2025.

19.    Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.    Defendants own, operate and/or control a pizzeria at 37 Bruckner Blvd. Store 2, Bronx, NY 10454 under the names "Milan Pizza" and "Bronx Slice".

21.     Upon information and belief, Defendant Milan Pizza Corp. (d/b/a "Milan Pizza" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 37 Bruckner Blvd. Store 2, Bronx, New York 10454.

22.     Upon information and belief, Defendant Bronx Slice Pizza Corp (d/b/a "Bronx Slice" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 37 Bruckner Blvd. Store 2, Bronx, New York 10454

23.     Defendant Ahmed Toulbe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ahmed Toulbe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Ahmed Toulbe possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. Defendant Ahmed Toulbe determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Ibrahim Al Hudais is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ibrahim Al Hudais is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Ibrahim Al Hudais possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. Defendant Ibrahim Al Hudais determines the wages and

5

compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.    Defendants operate a pizzeria located in the Mott Haven section of The Bronx in New York City.

26.    Individual Defendants Ahmed Toulbe, and Ibrahim Al Hudais possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants Ahmed Toulbe, and Ibrahim Al Hudais operate Defendant corporations as either alter egos of themselves, and/or fail to operate defendant corporations as legal entities separate and apart from themselves by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant corporations as separate and legally distinct entities;

(b)    defectively forming or maintaining Defendant corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant corporations for their own benefit as the sole or majority shareholders;

(e)    operating Defendant corporations for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

(f)    intermingling assets and debts of their own with Defendant corporations;

(g)    diminishing and/or transferring assets of Defendant corporations to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

33.    Defendants have had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

7

34.     In 2025, Defendants, both individually and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that are used in the Pizzeria on a daily basis are produced outside of the State of New York.

*Individual Plaintiffs*

36.     Plaintiffs are former employees of Defendants, primarily employed as cooks, cashiers, counter assistants and food preparer.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Hosgan Tavira Escalon*

38.     Plaintiff Tavira was employed by Defendants from approximately August 30, 2025 until November 18, 2025.

39.     At all relevant times, Plaintiff Tavira was employed by Defendants as a cook, food preparer counter attendant and cashier.

40.     Plaintiff Tavira regularly handled goods in interstate commerce, such as vegetables and condiments necessary to perform his work that were produced outside of the State of New York.

41.     Plaintiff Tavira's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Tavira regularly worked in excess of 40 hours per week.

43.    From approximately August 30, 2025 until on or about September 20, 2025, Plaintiff Tavira worked from approximately 10:00 a.m. until on or about 10:00 p.m. seven days a week (typically 84 hours per week).

44.    From approximately September 22, 2025 until on or about November 18, 2025, Plaintiff Tavira regularly worked from approximately 10:00 a.m. until on or about 10:00 p.m. six days a week (typically 72 hours per week).

45.    Throughout his employment Defendants paid Plaintiff Tavira his wages in cash.

46.    From approximately August 30, 2025 until on or about September 7, 2025, Defendants paid Plaintiff Tavira a fixed salary of $700.00 per week.

47.    From approximately September 8, 2025 until on or about November 18, 2025, Defendants paid Plaintiff Tavira a fixed salary of $1300 per week.

48.    Plaintiff Tavira's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

49.    In fact, Defendants required Plaintiff Tavira to work an additional 20 to 30 minutes past his scheduled departure time every day and did not pay him for the additional time they required him to work.

50.    Defendants never granted Plaintiff Tavira any breaks or meal periods of any kind.

51.    Defendants never required Plaintiff Tavira to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

9

52. Defendants paid Plaintiff Tavira his wages every two weeks and in many occasions, defendants required Plaintiff Tavira to wait an additional three weeks to receive his pay.

53. Specifically, at present, Defendants still owe Plaintiff Tavira a paycheck for one day of work.

54. Defendants did not provide Plaintiff Tavira with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

55. Defendants did not provide Plaintiff Tavira with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

56. Defendants never provided Plaintiff Tavira with a written notice, in English and in Spanish (Plaintiff Tavira's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57. As a result of Defendants' failure to provide Plaintiff Tavira with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Hiralda Corona De Rivera*

58. Plaintiff Corona was employed by Defendants from approximately August 30, 2025 until November 18, 2025.

59.    At all relevant times, Plaintiff Corona was employed by Defendants as a cook, counter attendant, cashier and food preparer.

60.    Plaintiff Corona regularly handles goods in interstate commerce, such as condiments and vegetables necessary to perform her work that were produced outside of the State of New York.

61.    Plaintiff Corona's work duties require neither discretion nor independent judgment.

62.    Throughout her employment with Defendants, Plaintiff Corona regularly worked in excess of 40 hours per week.

63.    From approximately August 30, 2025 until on or about September 20, 2025, Plaintiff Corona worked from approximately 10:00 a.m. until on or about 10:00 p.m. seven days a week (typically 84 hours per week).

64.    From approximately September 22, 2025 until on or about November 18, 2025, Plaintiff Corona regularly worked from approximately 10:00 a.m. until on or about 10:00 p.m. six days a week (typically 72 hours per week).

65.    Throughout her employment, defendants paid Plaintiff Corona her wages in cash.

66.    From approximately August 30, 2025 until on or about November 18, 2025, Defendants paid Plaintiff Corona a fixed salary of $500 per week.

67.    Plaintiff Corona 's pay did not vary even when she was required to stay late or work a longer day than her usual schedule.

68.     In fact, Defendants required Plaintiff Corona to work an additional 20 to 30 minutes past her scheduled departure time every day and did not pay her for the additional time they required her to work.

69.     Defendants never provided Plaintiff Corona with any kind of meal or break period of any kind.

70.     Plaintiff Corona was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

71.     Defendants paid Plaintiff Corona her wages two to three weeks late.

72.     Specifically, at present, Defendants still owe Plaintiff Corona a paycheck for one day of work.

73.     Defendants did not provide Plaintiff Corona with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

74.     Defendants never provided Plaintiff Corona with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

75.     Defendants never provided Plaintiff Corona with a written notice, in English and in Spanish (Plaintiff Corona 's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

76.     As a result of Defendants' failure to provide Plaintiff Corona with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i)

comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Defendants' General Employment Practices*

77.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime or spread of hours compensation, as required by federal and state laws.

78.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

79.     Defendants habitually required Plaintiffs to work additional minutes beyond their regular shifts but did not provide them with any additional compensation.

80.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

81.     In addition, defendants paid Plaintiffs their wages in cash.

82.     By employing these practices, Defendants avoided paying Plaintiffs at the minimum wage and overtime rate of time and a half for most or all of their hours worked per week.

83.     Defendants failed to post required wage and hour posters in the Pizzeria, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their

pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

84.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

85.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated workers.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants did not provide Plaintiffs, and similarly situated employees, with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

88.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the  number  of overtime  hours  worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiffs and other employees, at the time *of* hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language, containing:  the rate or rates of pay and basis thereof,  whether paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular pay  day designated  by  the  employer; the  name  of  the  employer; any "doing business as" names  used  by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing address  if  different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

90.     As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

91.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in their case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

92.     At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

93.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

94.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

96.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

103.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

104.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

106.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

108.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

109.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

110.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

111.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

112.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

113.    Defendants' failure to pay Plaintiffs the minimum wage is willful and without a good faith basis within the meaning of N.Y. Lab. Law § 663.

114.    Plaintiffs were damaged in an amount to be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>
**(VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE NEW YORK STATE LABOR LAWS)**

115.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

116.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay all Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

117.    Defendants failed to pay Plaintiffs (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

118.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful and without a good faith basis within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

120.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

121.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 142-2.4(a).

122.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours is willful and without a good faith basis within the meaning of New York Lab. Law § 663.

123.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

124.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

125. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

126. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

127. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

128. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

129. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

130. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia,

131. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

132.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

133.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

134.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful

as to Plaintiffs (including the prospective collective class members);

(f)      Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiffs;

(n)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime

wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice, timeliness and recordkeeping provisions, pursuant to NYLL §§191, 198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
December 1, 2025

MICHAEL FAILLACE & Associates P.C.

23

/s/ Michael Faillace

By:   Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Nov 20, 2025

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hiralda Corona De Rivera

Legal Representative / Abogado:   Michael Faillace Esq.

Signature / Firma:

Date / Fecha:                     Nov 20, 2025

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Nov 20, 2025

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hosgan Tavira Escalon

Legal Representative / Abogado:    Michael Faillace Esq.

Signature / Firma:                 Hosgartavirs

Date / Fecha:                      Nov 20, 2025

*Certified as a minority-owned business in the State of New York*